E-FILED
Tuesday, 24 June, 2014 08:34:33 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES E. GOODWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 14-3164 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending is the Motion of Charles E. Goodwin under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence. Upon considering the motion, the Court concludes that Petitioner is entitled to no relief and summary dismissal is warranted.

I.

Petitioner Charles E. Goodwin entered a conditional plea of guilty to the Indictment, which charged Failure to Register as a Sex Offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250. See United States v. Charles E. Goodwin,

Case No. 2:11-cr-20036. The Petitioner was sentenced to serve 27 months of imprisonment and a supervised release term of life.

Following the Petitioner's notice of appeal, the Seventh Circuit affirmed the Petitioner's conviction, vacated the supervised release portion of the sentence and remanded the matter for further proceedings. The Seventh Circuit mandate limited the re-sentencing to a reassessment of the length of the Petitioner's supervised release and any special conditions of supervised release.

On June 14, 2013, the Petitioner was sentenced to serve 27 months imprisonment (which he had already served at the time of re-sentencing) and five years of supervised release. On May 30, 2014, the Petitioner filed this § 2255 motion.

## II.

The Petitioner asserts two grounds for relief: (1) ineffective assistance of counsel; and (2) SORNA is unconstitutional.

### (A)

In support of his first ground, the Petitioner alleges that counsel was

ineffective in that he refused to file a motion and encouraged him to sign a "bogus plea bargain." The Petitioner does not identify the motion which he claims counsel refused to file. However, counsel did file a motion to dismiss the Indictment, wherein he alleged the regulation which effectively required the Petitioner to register as a sex offender under SORNA was an unconstitutional exercise of the Attorney General's authority. The Court denied the Petitioner's motion. Soon thereafter, the Petitioner entered his conditional guilty plea.

The Petitioner cites no facts in support of his assertion that Counsel encouraged him to sign a "bogus plea bargain." The conditional plea agreement preserved the right of the Petitioner to appeal the Court's ruling that the registration requirement was not an unconstitutional delegation of authority by Congress to the Attorney General. It further provided that if the Petitioner were to prevail on appeal, then he would have a right to withdraw his guilty plea.

Based on the foregoing, the Court concludes that Petitioner's allegation of ineffective assistance of counsel is without merit. Counsel

filed a motion which, if successful, would have resolved the matter in the Petitioner's favor. A guilty plea was negotiated which provided that if the Petitioner's legal argument was successful on appeal, then he would be permitted to withdraw his guilty plea. Upon a successful appeal, therefore, the case would be resolved entirely in the Petitioner's favor. It appears to the Court that this was a favorable disposition for the Petitioner.

The Court has listened to an audio recording of the Petitioner's change of plea hearing which was held on April 25, 2012. Although the Petitioner does not elaborate on his allegation concerning a "bogus plea bargain," the Petitioner was examined regarding each of the items mentioned in Rule 11 of the Federal Rules of Criminal Procedure. The Petitioner stated under oath that no one was forcing him to enter a conditional guilty plea. He stated it was his choice to enter a conditional guilty plea. Upon examining the Petitioner under oath, the Court determined that he understood the proceedings and was competent to enter a knowing plea of guilty. The Court concluded that the conditional guilty plea was knowing and voluntary.

The Petitioner's assertions that counsel refused to file a motion and encouraged him to sign a "bogus plea bargain" are without merit. Because he has failed to assert a viable claim for ineffective assistance of counsel, the Petitioner is entitled to no relief on the first ground of his § 2255 motion.

(B)

In his second ground for relief, the Petitioner alleges that SORNA is unconstitutional as applied to him. The Petitioner contends that the Act turned what was not a registerable offense into a registerable offense and made that punishment retroactive.

The Petitioner's argument as to retroactivity is without merit. The Ex Post Facto Clause of the United States Constitution prohibits retroactive punishment. See U.S. Const. art. I, § 9, cl. 3. It appears that Petitioner is contending that an ex post facto violation arises under SORNA based on his argument that the criminal penalties under 18 U.S.C. § 2250 are retroactive.

Because it is undisputed based on the potential penalties that SORNA is a penal statute, the only issue is whether the law is retroactive. See

United States v. Leach, 639 F.3d 769, 772-73 (7th Cir. 2011). "A sex offender violates the statute when, at any time after SORNA was enacted, he travels in interstate commerce and then fails to register." Id. at 773 (emphasis in original). However, SORNA does not violate the Ex Post Facto Clause because it "targets only the conduct undertaken by convicted sex offenders after its enactment." Id. Moreover, because SORNA is a regulatory statute, its registration requirements cannot be challenged on ex post facto grounds. See id.

To the extent the Petitioner is arguing that SORNA is an unconstitutional delegation of legislative authority to the Attorney General, the Court rejects the argument on the basis of the Seventh Circuit's decision in the Petitioner's direct appeal. See United States v. Goodwin, 717 F.3d 511, 517 (7th Cir. 2013).

Based on the foregoing, the Petitioner is not entitled to habeas relief on either ground.

Ergo, the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [d/e 1] is DENIED.

Having determined that the Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

CASE CLOSED.

ENTER: June 23, 2014

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge